IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEMUEL LAWSON, | : | CIVIL ACTION |
|     Petitioner, | : | |
| | : | |
|     v. | : | No. 02-5252 |
| | : | |
| COMMONWEALTH OF PENNSYLVANIA, et al., | : | |
|     Respondents. | : | |

**ORDER**

AND NOW, this ___ day of _____, 2003, upon careful and independent consideration of the Petition for Writ of Habeas Corpus, and after review of the Report and Recommendation of United States Magistrate Judge Arnold C. Rapoport, IT IS HEREBY ORDERED that:

1. the Report and Recommendation is APPROVED and ADOPTED;

2. the Petition for Writ of Habeas Corpus is DENIED and DISMISSED; and

3. there is no probable cause to issue a certificate of appealability.

BY THE COURT:

_____
CLIFFORD SCOTT GREEN, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEMUEL LAWSON, <br>        Petitioner, <br><br>     v. <br><br> COMMONWEALTH OF PENNSYLVANIA, et al., <br>        Respondents. | CIVIL ACTION <br><br> No. 02-5252 |

ARNOLD C. RAPOPORT
UNITED STATES MAGISTRATE JUDGE

**REPORT AND RECOMMENDATION**

Presently before the Court is a <u>pro se</u> Petition for Writ of Habeas Corpus filed by the Petitioner, Lemuel Lawson ("Petitioner"), pursuant to 28 U.S.C. section 2254. The Petitioner is currently incarcerated in the Philadelphia Detention Center. For the reasons that follow, it is recommended that this Petition be denied and dismissed without an evidentiary hearing.

**I.     PROCEDURAL HISTORY.**[1]

Petitioner pled guilty before the Honorable Matthew D. Carrafiello to theft by unlawful taking and was sentenced to three years of reporting probation. He did not appeal this sentence. Petitioner's probation was revoked on July 7, 1999, and he was sentenced to a new one-year reporting probation

---

[1] This information is taken from the Petition for Writ of Habeas Corpus and the Response thereto.

1

period.  Petitioner filed post-sentence motions, which were denied, and he subsequently filed a notice of appeal in the Superior Court of Pennsylvania.  On April 25, 2000, his appeal was dismissed for failure to file a brief.  (Resp., Ex. A.)

On August 13, 2002, Petitioner filed an Application for Leave to File Original Process and an Emergency Appeal/Writ of Habeas Corpus in the Supreme Court of Pennsylvania.  The Supreme Court of Pennsylvania has not yet ruled on this Motion. Petitioner's probation was again revoked on December 4, 2002, and a new term imposed at that time which is scheduled to run until June 4, 2003.

Petitioner filed the instant pro se Petition for Writ of Habeas Corpus on July 23, 2002.  This case was assigned to me for Report and Recommendation by the Honorable Clifford Scott Green.  Respondents contend that Petitioner fails to raise any claims and therefore is not entitled to federal relief, and that his Petition is time-barred.

II.     **DISCUSSION**.

Petitioner's case must be decided pursuant to the terms of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which was enacted April 24, 1996.  Pub.L. 104-132, 110 Stat. 1214.  Section 104(2) of the AEDPA amended 42 U.S.C. section 2254, the statute under which this Petition was filed, requires that federal courts give greater deference to a state

court's legal determinations.  The AEDPA also amended 28 U.S.C. section 2244 to require that:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d).

In this case, direct review of Petitioner's new, one-year period of reporting probation became final on May 25, 2000, when the time for seeking allocatur with the Pennsylvania Supreme Court from the Superior Court's dismissal of his appeal expired.  Therefore, Petitioner had until May 24, 2001, in which to file a timely federal habeas action.

Petitioner filed the instant Petition on July 23, 2002,

more than one year after the May 24, 2001 deadline.  Accordingly, his Petition is time-barred under the AEDPA.

One opportunity for relief from the time-bar may remain for Petitioner, however, because the statute of limitations in the AEDPA is subject to equitable tolling.  Miller v. New Jersey State Dept. of Corr., 145 F.3d 616, 618 (3d Cir. 1998). "[E]quitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.'"  Miller, 145 F.3d at 618 (quoting Shendock v. Dir., Office of Workers' Comp. Programs, 893 F.2d 1458, 1462 (3d Cir.)(en banc), cert. denied, 498 U.S. 826 (1990)).  The Petitioner "must show that he . . . 'exercised reasonable diligence in investigating and bringing [his] claims.'  Mere excusable neglect is not sufficient."  Id.  (quoting New Castle County v. Halliburton NUS Corp., 111 F.3d 1116, 1126 (3d Cir. 1997) and citing Irwin v. Dep't of Veterans Affairs, 198 U.S. 89, 96 (1990)).  The United States Court of Appeals for the Third Circuit has set forth the following three circumstances in which equitable tolling is permitted: (1) if the [Respondent] has actively misled the [Petitioner]; (2) if the [Petitioner] has in some extraordinary way been prevented from asserting his rights, or (3) if the [Petitioner] has timely asserted his rights mistakenly in the wrong forum.  Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001)(citing Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999)(citations omitted)).

Petitioner fails to provide any reason for his delay to warrant equitable tolling of the statute of limitations. Davis v. Varner, No. CIV.A.00-4349, 2001 WL 1417462, at *4-*5 (E.D. Pa. Nov. 8, 2001)(finding no equitable tolling where petitioner claimed he was prevented from filing timely habeas petition due to riot at correctional facility resulting in destruction of personal property and court records, non-receipt of replacement copy of post-conviction petition, and housing in restrictive unit without access to law library or legal assistant from 1989 until 1992)(citing New Castle County, 111 F.3d at 1126 (finding no equitable tolling where petitioner waited months to file habeas petition after end of alleged tolling event) and Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999)(same)).

Therefore, I make the following:

**RECOMMENDATION**

AND NOW, this        day of January, 2003, IT IS RESPECTFULLY RECOMMENDED that the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. section 2254 be DENIED and DISMISSED.  There is no probable cause to issue a certificate of appealability.

BY THE COURT:


_____
ARNOLD C. RAPOPORT
United States Magistrate Judge

5